IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LISANDRA LOPEZ-GONZALEZ, et al.,

   Plaintiffs,

   v.                                                    CIVIL NO. 03-2345(RLA)

JOSE A. SANTIAGO-RIVERA, et al.,

   Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Defendants in their individual capacities have filed a motion to dismiss[1] alleging that inasmuch as plaintiffs' previously filed an identical action which was <u>involuntarily</u> dismissed by another federal judge, the statute of limitations was not tolled, and, therefore, this refiling of the original action is time-barred.

BACKGROUND

The action before us is a re-filing of the case of <u>Justina Ruiz Rosa v. José A. Santiago Rivera et al.</u>, Civ. No. 02-1034 (JP). That action was dismissed for want of prosecution and failure to abide by the Court's orders. In its Opinion and Order[2] the court, where

---

[1] <u>See</u> Motion to Dismiss and/or for Certification to the Puerto Rico Supreme Court (**docket No. 9,** filed on February 12, 2004). The motion was joined by the Municipality of Comerío and defendants in their official capacities. <u>See</u> Motion to Dismiss...(**docket No. 16,** filed on April 1, 2004). Defendants' motion for extension of time to answer (**docket No. 15** is **DENIED as moot.**)

[2] Docket No. 58 in Civil Case No. 02-1034 (JP), issued on January 16, 2003.

**CIVIL NO. 03-2345  (RLA)**                                                      **Page 2**

relevant, stated:

> The Court has before it Defendants' "Motion Renewing Motion to Dismiss" (docket No. 57), in which Defendant state that due to Plaintiffs' repeated non-compliance with this Court's Orders, they have been unable to properly present their case... .
> In its last conference with the parties, which took place on November 18, 2002, and after granting multiple extensions to Plaintiffs due to their repeated non-compliance with this Court's Orders, the Court gave Plaintiffs one last extension of time to file their legal theory of the case as to each particular Plaintiff, and to comply with outstanding discovery requests.
> ...
> The Court must make clear that it is not a parking lot for stagnant cases. Plaintiffs, who have brought this action, should be fully prepared to prosecute this case and move forward in the pretrial discovery process. It is evident that with their non-compliance, Plaintiffs have not only hindered Defendants' handling of the case, but also hindered this Court's carefully laid timetable for this case. The Court must mention that it currently has some 15 cases of this nature on its docket, with a total of almost 500 Plaintiffs. It cannot be delaying its crowded docket and timetable with something as basic as a legal theory and answers to interrogatories without a suitable explanation.

Despite the punitive animus behind the above decision, obviously imposed as a sanction to vindicate the court's authority, the dismissal was rendered "without prejudice".[3]

DISCUSSION

Dismissal for failure to heed a court's orders, as in any other

---

[3] Given the tone and mood of the Court's opinion, it is inexplicable how – or why - the Court would dismiss the case without prejudice. Moreover, the decision's carefully enunciated reasoning for dismissal of the action belies the inclusion of the words "without prejudice" and leads us to believe that it was due to inadvertence or oversight.

**CIVIL NO. 03-2345   (RLA)**                                                           **Page 3**

type of involuntary dismissal under Fed. R. Civ. P. 41(b),[4] is generally with prejudice.

Indeed, "[a] district court [is] well within its discretion in dismissing the case after repeated violations of its orders and after having warned plaintiff of the consequences of noncompliance ... [because] the court has its own interest in securing compliance with its orders." Serra-Lugo v. Consortium-Las Marías, 271 F.3d 5, 6 (1st Cir. 2001)(per curiam).  That is so, because disobedience of court orders, in and of itself, constitutes extreme misconduct warranting dismissal. Tower Ventures, Inc., v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002)(citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Because "[c]ounsel who choose to disregard the orders of the district court place themselves and their clients at risk", Serra-Lugo, 271 F.3d at 6, this court cannot permit plaintiffs to benefit from their own misconduct by awarding them a new 1-year term to toll the statute of limitations and thus grant them the unwarranted option of re-instituting their dismissed suit.  To do so would be tantamount

---

[4] Rule 41 (b) of the Fed. R. Civ. P. provides, where pertinent, as follows:
**(b) Involuntary Dismissal: Effect Thereof.  For failure of the plaintiff to prosecute or to comply with these rules or any order of court,** a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, **a dismissal under this subdivision** and any dismissal not provided for in this rule, ... **operates as an adjudication on the merits.**  (emphasis ours).

**CIVIL NO. 03-2345   (RLA)**                                                              **Page 4**

to stripping the district court of its sanctioning power over litigants who choose to blatantly disregard court orders and manipulate court proceedings for their own benefit.

Furthermore, to hold otherwise would significantly prejudice defendants who, after rigorously and diligently defending the original suit, must now endure another assault and again incur the costs of a suit that had been dismissed due to plaintiffs' own misconduct.

As explained by the Supreme Court in <u>Nat'l Hockey League v. Metro. Hockey Club</u>, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (<u>per</u> <u>curiam</u>) sanctions for discovery violations have a dual purpose: they serve not only to punish the offender but also to deter others from similar misconduct. Similarly, "[t]he sanction imposed here achieves both ends.  It is reasonably commensurate to the infraction, and its imposition sends a clear signal to others that court orders must be obeyed."  <u>Tower Ventures</u>, 296 F.3d at 47-48. (citing <u>National Hockey League</u> at 642-43).  Further, a voluntary dismissal without prejudice must be re-instituted within the statutory time limit.  An involuntary dismissal as a sanction for failure to heed court orders should fare no better.

Accordingly, we find that the involuntary dismissal of plaintiffs' previous action, albeit "without prejudice" did not toll the applicable statute of limitations and the instant action, filed eleven months later, must be DISMISSED as time-barred.

**CIVIL NO. 03-2345   (RLA)**                                                          **Page 5**

---

In view of the above, defendants' motion to dismiss, **docket No. 9**, filed on February 12, 2004, is **GRANTED.**[5]   Judgment to issue.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 6th day of April, 2004.

                                                S/Raymond L. Acosta
                                                RAYMOND L. ACOSTA
                                      United States District Judge

---

[5] <u>See</u> <u>also</u> Motion to Join Attachment... (**docket No. 10**, filed on February 18, 2004) which is hereby **NOTED**.